UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA

Case No.: 25-cv-25271-JB

ISIDRO ACANDA CEBALLO,

    Petitioner,

v.

CHARLES PARRA, in his official
capacity as Assistant Field Office
Director, Krome North Service
Processing Center, *et al.*,

    Respondents.

_____/

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Isidro Acanda Cebeallo's Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF Nos. [1], [5]. Respondents filed a Return opposing the Petition and Petitioner filed a Reply. ECF Nos. [11], [15]. The parties also filed supporting records and, at the Court's request, Respondents filed a Supplemental Filing Concerning Petitioner's Release. ECF Nos. [11-1 thru 11-4], [17], [20], [21], [22]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **GRANTED IN PART**.

### I.  FACTUAL BACKGROUND

Petitioner is a Cuban citizen who has resided in the United States since December 2022. ECF No. [1] at ¶¶ 43, 45, 47. Petitioner has no criminal history. *Id.*

at ¶ 44; *see also* ECF No. 11-1 at 3.  At the time of his initial encounter with Customs and Border Protection ("CBP") on or about December 26, 2022, CBP designated Petitioner for expedited removal proceedings under 8 U.S.C. § 1225(b)(1).  Petitioner's designation for expedited removal is reflected in three documents that CBP issued on December 27, 2022.  In particular, CBP issued a Record of Deportable/Inadmissible Alien charging Petitioner under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1182 (a)(7)(A)(i)(I), with being an "immigrant without an immigrant visa" and reflecting his "disposition" as "Expedited Removal with Credible Fear."  ECF No. [11-1] at 1.  Similarly, CBP attempted to interview Petitioner and issued a "Record of Sworn Statement in Proceedings under Section 235(b)(1) of the [Immigration and Nationality] Act," which is codified at 8 U.S.C. § 1225(b)(1).  ECF No. [17] at 4.  Finally, CBP issued a Determination of Inadmissibility "pursuant to 8 U.S.C. § 1225(b)(1)." *Id*. at 2.  Notably, though, Petitioner's Alien Booking Record states that he is to be held "for removal proceedings" with no mention of *expedited* removal. ECF No. [21] at 3.

Although Petitioner was initially being processed under section 1225(b)(1), which does provide for mandatory detention, CBP appears to have changed that designation because it released Petitioner on December 27, 2022.  ECF No. [1] at ¶ 47.  Indeed, Respondents provide no explanation why or under what authority Petitioner was released, ECF No. [22] at 2, although there is no allegation that his release was unauthorized or otherwise improper.

On or about October 25, 2025, Petitioner was detained by Immigration and Customs Enforcement ("ICE") and taken into custody. ECF No. [11-4] at ¶ 13. Petitioner is currently being held by ICE at the Krome Detention Center in Miami, *id.* at ¶ 15, and appears not to have received a bond hearing.

Respondents' documentation as to Petitioner's current status reflects that the statutory basis for Petitioner's current detention is 8 U.S.C. § 1226, which provides for *discretionary* detention, not mandatory detention. Specifically, on October 25, 2025, DHS issued a Warrant for Arrest of Petitioner based, in part, upon section 236 of the INA, which is codified at 8 U.S.C. § 1226. ECF No. [11-3] at 3. Also on that date, DHS issued a Notice of Custody Determination "pursuant to the authority contained in section 236 of the [INA].[1] ECF No. [11-3] at 1–2. In addition, DHS issued a Record of Deportable/Inadmissible Alien charging Petitioner under section 212(a)(6)(A)(i) of the INA, codified at 8 U.S.C. § 1182(a)(6)(A)(i), with being an "alien present without admission or parole." ECF No. [11-2] at 1.

## II. THIS ACTION

On November 12, 2025, Petitioner filed the instant Petition in which he raises four claims. ECF No. [1]. Counts I and II allege that Petitioner's continued detention without a bond hearing violates the INA and the applicable bond regulations because Petitioner's detention is governed by section 1226, which establishes a discretionary detention framework. ECF No. [1] at ¶¶ 52–57. Counts III and IV allege that

---

[1] On November 17, 2025, the same day that Respondents filed their Return opposing the Petition, DHS "cancelled" the Notice of Custody Determination. ECF No. [11-3] at 1.

Petitioner's continued detention without an individualized bond hearing violates substantive and procedural due process. *Id.* at ¶¶ 59–75. Petitioner requests that the Court require Respondents to release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to section 1226 to take place within seven days. *Id.* at ¶ 4.

### III.   ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Respondents argue that Petitioner is subject to expedited removal under section 1225(b)(1), which permits his mandatory detention and deprives this Court of jurisdiction pursuant to 8 U.S.C. § 1252(a). ECF No. [11] at 3–9. Section 1252(a) provides that "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision...no court shall have jurisdiction to review...any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of

4

this title[.]" 8 U.S.C. § 1252(a)(2)(A)(i).[2]  Accordingly, the key question before the Court—both as to the issue of subject matter jurisdiction and the merits of the parties' dispute—is whether Petitioner's detention is governed by section 1225(b)(1) or section 1226.  For the reasons explained below, the Court concludes that Petitioner's detention is governed by section 1226(a) and, thus, section 1252(a) is inapplicable and Petitioner is entitled to a bond hearing.

### A. Relevant Statutory Framework

Section 1225 governs the inspection, detention, and removal of applicants for admission.  *See* 8 U.S.C. § 1225 *et seq*.  Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.*  All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).[3]  To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id.*

---

[2] There are three limited circumstances under which judicial review of determinations made under section 1225(b)(1) is permitted, namely "determinations of—(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under [§ 1225(b)(1)], and (C) whether the petitioner can prove ...that the petitioner is [a lawful permanent resident], has been admitted as a refugee...or has been granted asylum[.]" 8 U.S.C. § 1252(e)(2).  Neither party argues that any of these circumstances are present here.

[3] Indeed, *Jennings* began its analysis by emphasizing the temporal and categorical distinction between the detention statutes.  Section 1225 applies to noncitizens who are "seeking admission into the country" at the border or a port of entry, whereas section 1226 governs those "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 285–89.

at 289 (emphasis added). As relevant here, "[s]ection 1225(b)(1) applies to all aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id.* Such noncitizens are generally subject to expedited removal "without further hearing or review." 8 U.S.C. § 1225(b)(1).

Federal immigration law "also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). "Whereas [section] 1225 governs removal proceedings for 'arriving aliens,' [section] 1226(a) serves as a catchall." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sept. 9, 2025). As the Supreme Court stated in *Jennings*, section 1226 "creates a default rule" that "applies to aliens already present in the United States." *Jennings*, 583 U.S. at 303. The inclusion of a "catchall" provision in section 1226, particularly following the more specific provision in section 1225, is "likely no coincidence, but rather a way for Congress to capture noncitizens who fall outside of the specified categories." *Pizarro Reyes*, 2025 WL 2609425, at *5; *see also Barrera v. Tindall*, No. 3:25-cv-541, 2025 WL 2690565, at *4 (W.D. Ky. Sept. 19, 2025) (citation omitted).

Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional parole. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *2 (D. Mass. July 7, 2025). Importantly for purposes of the

6

instant action, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025) ("To be sure, a noncitizen detained under § 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").

### B. Petitioner's Detention Is Governed By Section 1226(a), Not Section 1225(b)(1).

Respondents argue that Petitioner was originally placed in expedited removal proceedings and, thus, he is lawfully detained without bond under section 1225(b)(1). ECF No. [11] at 7—10. This argument misses the mark because Petitioner was *released* in December 2022 and his *current* detention, as reflected in DHS's own documentation, is based upon section 1226.

Respondents' argument that Petitioner is subject to mandatory detention is based on documentation related to his initial detention. Respondents are unable to explain why or under what authority Petitioner was released in December 2022. This is critical because Petitioner could not have been released if Respondents were proceeding under expedited removal proceedings which requires mandatory detention. It is true that the Attorney General may "for urgent humanitarian reasons or significant public benefit" temporarily parole noncitizens subject to mandatory detention under § 1225(b)(1). 8 U.S.C. § 1182(d)(5)(A). However, Respondents deny that Petitioner was granted humanitarian parole or released for "significant public benefit." ECF No. [22] at 2—3. As the Supreme Court explained, "[t]hat express

7

exception to detention [set forth in § 1182(d)(5)(A)] implies that there are no *other* circumstances under which aliens detained under § 1225(b) may be released." *Jennings*, 583 U.S. at 300 (emphasis original).

In addition, the documentation pursuant to which Petitioner is *currently* detained affirmatively shows that Petitioner is being held pursuant to section 1226(a). The Warrant for Arrest and Notice of Custody Determination, both dated October 25, 2025, state that they are issued "pursuant to . . . section 236 of the Immigration and Nationality Act," which is codified at section 1226. ECF No. [11-3] at 1—3. Further, the Record of Deportable/Inadmissible Alien, also issued on October 25, 2025, states that Petitioner is charged with being an "alien present without admission or parole" under section 212(a)(6)(A)(i) of the INA, codified at 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. [11-2] at 1. This evidence is significant for at least two reasons.

First, it demonstrates that DHS did not classify Petitioner as an "arriving alien" but, rather, as a noncitizen "present in the United States without admission or parole." This classification places him squarely within section 1226. *See e.g., Pizarro Reyes*, 2025 WL 2609425, at *8 (emphasizing ICE's selection of "present" rather than "arriving" on a Notice to Appear as evidence that section 1226 applied); *see also Perez v. Berg*, No. 25-cv-494, 2025 WL 2531566, at *2 (D. Neb. July 24, 2025) ("The Court notes that the government itself charged Petitioner as an alien present in the United States who has not been admitted or paroled rather than an arriving alien.") (quotations omitted). Indeed, by its own terms, section 1225(b)(1) applies to a

noncitizen "who is arriving in the United States," 8 U.S.C. § 1225(b)(1)(A)(i), and DHS did not classify Petitioner as such when it detained him in October 2025. Second, section 1225(b)(1) applies to "arriving" noncitizens who are determined to be "inadmissible under section . . . [8 U.S.C.] 1182(a)(7)." 8 U.S.C. § 1225(b)(1)(A)(i). The Record of Deportable/Inadmissible Alien issued in October 2025 does not charge Petitioner under section 1182(a)(7) but, rather, under section 1182(a)(6).

For the foregoing reasons, Petitioner's detention is governed by section 1226(a)and, therefore, he is entitled to an individualized bond hearing before an immigration judge. As such, Petitioner's mandatory detention without conducting a dangerousness and risk of flight determination rests on an incorrect statutory interpretation and contravenes the INA. Accordingly, Petitioner is entitled to relief as to Count I.

Given this ruling, the Court declines to reach the merits of Petitioner's remaining claims, and dismisses them without prejudice. *See, e.g.*, *Puga*, 2025 WL 2938369, at *6 (declining to reach the merits of the petitioner's due process claim because it granted the requested relief in another count, but allowing the due process claim to be reasserted if the respondents do not comply with the court's order to provide a bond hearing or release); *Pizarro Reyes*, 2025 WL 2609425, at *8.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

    1.   Petitioner Isidro Acanda Cebeallo's Verified Petition for Writ of Habeas

9

Corpus, ECF No. [1], is **GRANTED IN PART**. Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2. Counts II, III, and IV of the Petition are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 4th day of December, 2025.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**